IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KATHLEEN HOLLAND, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 2:19-CV-787-WKW |
| | ) [WO] |
| ETHICON, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

On October 2, 2020, Kathleen Holland and Michael Holland ("Plaintiffs") filed an amended complaint against Ethicon, Inc. and Johnson & Johnson ("Defendants"). (Doc. # 75.) Plaintiffs allege that this "is a medical device tort action . . . arising out of the negligence, breach of warranty, strict liability, deceptive trade practices and wantonness of the Defendants in their design, manufacture, promotion, marketing, labeling, warning, distribution, sale and/or provision of incomplete, inaccurate information related to their transvaginal mesh products." (Doc. # 75, at 1.) In their amended complaint, Plaintiffs bring the following claims against Defendants: (1) failure to warn; (2) defective design; (3) negligence; (4) negligent misrepresentation; (5) negligent infliction of emotional distress; (6) breach of express warranty; (7) breach of implied warranty; (8) violations of the Alabama

Deceptive Trade Practices Act; (9) unjust enrichment; (10) wantonness; (11) punitive damages; and (12) loss of consortium.

Before the court is Ethicon, Inc.'s and Johnson & Johnson's (collectively "Defendants") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(e), and (9)(b).  (Doc. # 76.)  Plaintiffs oppose Defendants' motion to dismiss.  (Doc. # 77.)  For the reasons to follow, Defendants' motion is due to be granted in part and denied in part.

First, Plaintiffs concede their negligent infliction of emotional distress claim, acknowledging that Alabama law does not permit such a claim as an independent cause of action.  (Doc. # 77, at 16); *see also AALAR, Ltd., Inc. v. Francis*, 716 So. 2d 1141, 1144 (Ala. 1998) (explaining that "negligently causing emotional distress is not an independent tort in Alabama but, rather, that it is part and parcel of the traditional tort of negligence").  Accordingly, Defendants' motion to dismiss Plaintiffs' negligent infliction of emotional distress claim is due to be granted.

Second, Defendants argue that the entirety of Plaintiffs' amended complaint should be dismissed without prejudice because it qualifies as a shotgun pleading. (Doc. # 76, at 6.)  Defendants' only argument is that "Plaintiffs incorporate by reference the facts of the preceding paragraphs in each count of the Amended Complaint," leaving them "to parse the allegations of the entire Amended Complaint to locate the operative facts that may relate to Plaintiffs' claims."  (Doc. # 76, at 7.)

Defendants' argument is unavailing.

True, Plaintiffs' amended complaint does "reallege and incorporate by reference every allegation" of the pleading into each count "as if each were set forth fully and completely herein." (Doc. # 75, at 12); *see also Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) (explaining that in some shotgun complaints, "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint").

However, Plaintiffs clearly label the factual allegations in paragraphs fifteen through fifty-three of the amended complaint as "common facts." (Doc. # 75, at 4.) Plaintiffs then subdivide the common facts into two discrete subsections: (1) "Stress Urinary Incontinence and Pelvic Organ Prolapse"; and (2) "Plaintiff's Medical History and Experience." (Doc. # 75, at 4, 7.) Moreover, under each count in the amended complaint, Plaintiffs provide additional specific allegations supporting the particular cause of action. (*See, e.g.*, Doc. # 75, at 12–13 (listing specific subjects on which Defendants failed to provide adequate warning).) Plaintiffs' careful tailoring of their amended complaint demonstrates that "this is not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count." *Weiland*, 792 F.3d at 1324. Indeed, Defendants apparently understand

3

the factual allegations supporting each count as evidenced by their filing of a motion to dismiss for failure to state a claim.  Simply put, Plaintiffs' amended complaint provides Defendants "adequate notice of the claims against them and grounds upon which each claim rests." *Id*. at 1323 (footnote omitted).  Thus, Defendants' motion for a more definite statement is due to be denied.

Third, Defendants assert that "Plaintiffs' claim for negligent misrepresentation fails to satisfy Rule 9(b)'s heightened pleading requirement." (Doc. # 76, at 15.)  Specifically, Defendants contend that the negligent misrepresentation claim "is based on the generalized assertion that Defendants misrepresented the safety and efficacy of" the medical devices at issue, yet Plaintiffs fail to "identify the person who made any alleged misrepresentation . . . ." (Doc. # 76, at 15.)  Defendants' argument is sound.

Plaintiffs' negligent misrepresentation claim sounds in fraud under Alabama law. *See Bryant Bank v. Talmage Kirkland & Co., Inc.*, 155 So. 3d 231, 235 (Ala. 2014) ("A negligent misrepresentation constitutes legal fraud.").  Thus, the claim is subject to Rule 9(b)'s heightened pleading requirements. *See Grubbs v. Medtronic, Inc.*, No. 2:18-cv-01468-AKK, 2019 WL 3288263, at *5 (N.D. Ala. July 22, 2019) (finding that Rule 9(b)'s heightened pleading requirement applied to the plaintiff's negligent misrepresentation claim brought under Alabama law).  Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or

mistake." Fed. R. Civ. P. 9(b). And the Eleventh Circuit has held "that pursuant to Rule 9(b), a plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (cleaned up).

Here, Plaintiffs allege that "Defendants negligently misrepresented the Pelvic Mesh Products' high risk of unreasonable, dangerous, [and] adverse side effects." (Doc. # 75, at 26.) Plaintiffs further allege that Defendants represented "that their Pelvic Mesh Products . . . had/have no serious side effects different from older generations of similar products and/or procedures to Plaintiff, Plaintiff's physicians, and the medical and healthcare community." (Doc. # 75, at 26.) These general allegations do not detail the "precise" negligent misrepresentations made nor do they shed light on "the time, place, and person responsible for the" negligent misrepresentations. *Am. Dental Ass'n*, 605 F.3d at 1291. Absent a greater degree of specificity, Plaintiffs' allegations related to their negligent misrepresentation claim fail to satisfy Rule 9(b)'s heightened pleading requirement. *See Merino v. Ethicon Inc.*, No. 20-25308-CIV-ALTONAGA/Torres, 2021 WL 1749967, at *11 (S.D. Fla. May 4, 2021) (finding that the plaintiff's negligent misrepresentation claim failed to satisfy Rule 9(b)'s heightened pleading standard because the

5

plaintiff's allegations did "not detail the who, what, when, where, and how" of the fraud she alleged). Accordingly, Plaintiffs' negligent misrepresentation claim is due to be dismissed without prejudice.

Fourth, and finally, Defendants seek to dismiss Plaintiffs' failure to warn, defective design, negligence, breach of express warranty, and unjust enrichment claims pursuant to Rule 12(b)(6). Having evaluated these claims in light of the parties' arguments and the legal standard on a motion to dismiss under Rule 12(b)(6), *see, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2008), the court concludes that Defendants' motion is due to be denied.

Accordingly, it is ORDERED as follows:

(1) Defendants' motion to dismiss (Doc. # 76) is GRANTED as it relates to Plaintiffs' negligent infliction of emotional distress claim, and this claim is DISMISSED with prejudice.

(2) Defendants' motion for a more definite statement (Doc. # 76) is DENIED.

(3) Defendants' motion to dismiss (Doc. # 76) is GRANTED as it relates to Plaintiffs' negligent misrepresentation claim, and this claim is DISMISSED without prejudice. Concerning the negligent misrepresentation claim, Plaintiffs are granted leave to and including August 19, 2021, to file an amended complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2), that complies with the pleading

requirements of Federal Rule of Civil Procedure 9(b).

(4)     Defendants' motion to dismiss (Doc. # 76) is DENIED as it relates to Plaintiffs' failure to warn, defective design, negligence, breach of express warranty, and unjust enrichment claims.

DONE this 5th day of August, 2021.

                                            /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE